[Cite as *Rudd v. Ohio State Hwy. Patrol*, 2016-Ohio-8263.]

THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| William Joseph Rudd et al., | : | |
| Plaintiffs-Appellants, | : | No. 15AP-869 |
| | | (Ct. of Cl. No. 2015-00357) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Ohio State Highway Patrol, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 20, 2016

**On brief:** *Bieser, Greer & Landis, LLP*, *James P. Fleisher*, and *Christina M. Flanagan*, for appellants. **Argued:** *Christina M. Flanagan*.

**On brief:** *Michael Dewine*, Attorney General, *Velda K. Hofacker*, and *Eric A. Walker*, for appellee. **Argued:** *Velda K. Hofacker*.

APPEAL from the Court of Claims of Ohio

BROWN, J.

{¶ 1} Plaintiffs-appellants William Joseph Rudd, Zane Daniel Rudd, Patricia Ann Rudd, and Danny Rudd, appeal from a judgment of the Court of Claims of Ohio dismissing their complaint for failure to state a claim.

{¶ 2} Appellants filed their amended complaint in the Court of Claims naming the Ohio State Highway Patrol as a defendant. The complaint states that two highway patrol employees, Dispatcher Matthew Prachar and Sergeant Jeffrey Shane, acted negligently in various ways and failed to apprehend two fugitive murderers, Devonere

Simmonds and Nathaniel Brunner, and that as a result Simmonds and Brunner were left at large to shoot and seriously injure William Rudd.

{¶ 3} Specifically, the complaint alleges that in the early morning hours of July 27, 2013, Simmonds and Brunner were already fugitives wanted in connection with a violent crime spree in Columbus, during which they shot and killed three persons in three separate incidents. Police investigators acquired and disseminated information establishing that Simmonds and Brunner were traveling in a specifically identified stolen vehicle, for which a description and license plate were provided.

{¶ 4} Simmonds and Brunner abandoned a stolen vehicle on U.S. Route 40, proceeding along the highway on foot. At 1:24 a.m., Prachar notified Sergeant Shane to investigate a disabled vehicle on Interstate 70 near milepost 77. Prachar further informed Sergeant Shane that two males in dark clothing were walking eastbound approximately one-half mile from the disabled vehicle. Sergeant Shane did not leave his location on Route 40 until 34 minutes after the dispatch call. At approximately 2:06 a.m., Sergeant Shane located the abandoned vehicle and radioed the license plate number to the dispatcher. Prachar, however, entered an incorrect license plate number in his database search, and as a result did not discover and notify Sergeant Shane that the vehicle was not only stolen, but likely in possession of two violent fugitives.

{¶ 5} The complaint further alleges that Sergeant Shane eventually found Simmonds and Brunner walking on the exit ramp from Interstate 70 eastbound to U.S. Route 42 at approximately 2:12 a.m. The pair informed Sergeant Shane that they had borrowed the vehicle and it had run out of gas. Sergeant Shane granted the pairs request for transportation to a nearby TravelCenters of America truck stop to make a phone call. Sergeant Shane did not obtain identification from the pair, nor did he search them for weapons prior to placing them in the backseat of the cruiser for transportation to the truck stop. After dropping the pair off at the truck stop, Sergeant Shane remained in the general vicinity to relay his disposition of the dispatch call.

{¶ 6} Approximately 12 minutes later, Sergeant Shane commenced to leave the parking lot but noticed the pair still loitering outside the front door, where they waived him down. Simmonds and Brunner told Sergeant Shane they had been unable to complete their phone call. Sergeant Shane then obtained a phone number from the pair

and radioed it to Prachar with instructions to call the number furnished. The call again obtained no answer. Sergeant Shane then departed the truck stop, leaving Simmonds and Brunner behind.

{¶ 7} The complaint then alleges that at approximately 4:49 a.m., William Rudd arrived at the truck stop to purchase gasoline. Simmonds and Brunner approached Rudd at the gas pump and immediately shot him in the face. The pair then stole Rudd's vehicle and drove away from the truck stop.

{¶ 8} The complaint generally presents the theory that Prachar's failure to correctly enter the vehicle's license plate number in the computer system deprived Sergeant Shane of the opportunity to apprehend the two wanted murderers. The complaint further alleges that Sergeant Shane's negligent failure to search the pair, as allegedly required by highway patrol procedures before admitting them to his vehicle, caused him to fail to discover the handgun carried by one of the two and discover that Simmonds was a juvenile, either of which would have required Sergeant Shane to detain the pair even if he lacked the information that they were the object of an active police manhunt. The complaint finally alleges that Sergeant Shane abandoned the pair at a truck stop, free to commit further crimes against truck stop staff or patrons, all of whom were foreseeable victims under the circumstances.

{¶ 9} The Court of Claims granted the state's motion to dismiss for failure to state a claim. The Court of Claims found that Prachar and Sergeant Shane, the alleged negligent state employees, were clearly engaged in the performance of a public duty for which the state was immune from liability. The Court of Claims further found that the complaint did not state any facts from which a special relationship could be inferred, pursuant to R.C. 2743.02(A)(3)(b), between the state actors and Rudd. The Court of Claims accordingly granted judgment dismissing the complaint.

{¶ 10} Appellants bring the following assignments of error on appeal:

> [I.] The trial court erred to the prejudice of Plaintiffs-Appellants by failing to consider the special relationship that existed between Trooper Jeffrey Shane and the perpetrators, which gave rise to a duty to control the perpetrators.
>
> [II.] The trial court erred to the prejudice of Plaintiffs-Appellants by failing to consider that, by undertaking to

> provide information, Dispatcher Matthew Prachar had a duty to provide reasonably accurate information.
>
> [III.] The trial court erred to the prejudice of Plaintiffs-Appellants by concluding that Plaintiffs-Appellants could prove no set of facts to establish a special relationship between Trooper Jeffrey Shane and Dispatcher Matthew Prachar and the employees and patrons of the TravelCenters of America truck stop.

Appellants' three assignments of error present similar legal issues and will be discussed together.

{¶ 11} When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, an appellate court's standard of review is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶ 5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). In considering the motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). Rather, the trial court may review only the complaint and may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 12} A trial court must presume all factual allegations contained in the complaint to be true and must make all reasonable inferences in favor of the non-moving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co., LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 13} The State of Ohio is not liable in a civil action for negligence based on the performance or non-performance of a "public duty." R.C. 2743.02(A)(3)(a). The statute defines public duty to include law enforcement or emergency response activity. R.C. 2743.01(E)(1)(a). An exception to the public duty doctrine allows recovery, however, where a "special relationship," as defined by meeting all elements of a four-part test, is established between the state and the injured party.

R.C. 2743.02(A)(3) states:

(b) The state immunity provided in division (A)(3)(a) of this section does not apply to any action of the state under circumstances in which a special relationship can be established between the state and an injured party. A special relationship under this division is demonstrated if all of the following elements exist:

(i) An assumption by the state, by means of promises or actions, of an affirmative duty to act on behalf of the party who was allegedly injured;

(ii) Knowledge on the part of the state's agents that inaction of the state could lead to harm;

(iii) Some form of direct contact between the state's agents and the injured party;

(iv) The injured party's justifiable reliance on the state's affirmative undertaking.

{¶ 14} For purposes of the appeal, we assume that the facts in the complaint are correct and that Prachar and Sergeant Shane were negligent in their conduct. We may further assume, for purposes of Civ.R. 12(B)(6) analysis, that any negligence was the proximate cause of Rudd's injuries. Nowhere in the complaint, however, are there sufficient factual allegations to support the existence of any of the elements of the "special relationship" exception to immunity.

{¶ 15} We first note that obviously there was no direct contact between the state's agents and the injured party as required by R.C. 2743.02(A)(3)(b)(iii). Based on the facts alleged in the complaint, over two hours lapsed between Sergeant Shane's departure from the truck stop and Rudd's arrival. The failure to meet this element alone would support dismissal.

{¶ 16} Furthermore, any duty owed to the employees and patrons of the truck stop was a public duty owed generally to the public at large, rather than an assumption by the state by means of promises or actions to specifically act on behalf of the party who was allegedly injured, as required by R.C. 2743.02(A)(3)(b)(i).

{¶ 17} Similarly, any knowledge on the part of the highway patrol employees that inaction or negligence could lead to harm, and any reliance by Rudd on the general effectiveness of police action in Ohio, reflect merely a generalized public duty rather than the specific assumption of a duty and reliance required under R.C. 2743.02(A)(3)(b)(ii) and (iv).  In a pre-statute case, the Supreme Court of Ohio recognized that " 'a municipality's duty to provide police protection is ordinarily one owed to the public at large and not to any particular individual or class of individuals.' "  *Sawicki v. Ottawa Hills*, 37 Ohio St.3d 222, 231 (1988), quoting *Cuffy v. New York*, 69 N.Y.2d 255, 260 (1987).  In *Sawicki*, the Supreme Court adopted the four-part special duty test applied in New York and other states and later codified in R.C. 2743.02(A)(3)(b).  The court recognized that public policy rationales justify immunity on the basis that the duty to protect is owed to the public at large and not to any particular person who might be injured.  *Id.,* citing Prosser & Keeton, *Law of Torts* at 1049-50 (1984).

{¶ 18} Appellants rely heavily on our recent decision in *Connor v. Wright State Univ.*, 10th Dist. No. 13AP-116, 2013-Ohio-5701, in which we extensively addressed  each of the statutory elements of R.C. 2743.02(A)(3)(b).  *Connor* does not support appellants' case. Despite the fact that the injured party in *Connor*, a university student who committed suicide after intervention by university police, had extensive contact with officers as part of a university effort to monitor the student's behavior and avert self-harm, we held that no special relationship existed because the student had not justifiably relied on an affirmative undertaking by the university to act on his behalf.  In the present case, although the dispatcher and the patrol sergeant both could be charged with the general knowledge that failure to efficiently and effectively conduct their police duties might result in harm to the public, the special relationship must be with the injured party.  Here, the patrol employees could not have known that Rudd personally would be at risk from the fugitives' criminal conduct.  Appellants' three assignments of error are overruled.

{¶ 19} We accordingly find that the Court of Claims did not err in finding that the amended complaint in this case fails to state a claim upon which relief can be granted, and properly granted dismissal pursuant to Civ.R. 12(B)(6).  The judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

KLATT and BRUNNER, JJ., concur.

_____