[Cite as *Henton v. Ohio Dept. of Rehab. & Corr.*, 2017-Ohio-2630.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| W.D. Henton, | : | |
| Plaintiff-Appellant, | : | |
| v. | : | No. 16AP-768 |
| | | (Ct. of Cl. No. 2016-00513) |
| Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Defendant-Appellee. | : | |
| | : | |

D E C I S I O N

Rendered on May 2, 2017

**On brief:** *W.D. Henton*, pro se.

**On brief:** *Michael DeWine*, Attorney General, and *Stacy Hannan*, for appellee.

APPEAL from the Court of Claims of Ohio

SADLER, J.

{¶ 1} Plaintiff-appellant, W.D. Henton, appeals from the judgment entry of the Court of Claims of Ohio granting the motion to dismiss of appellee, Ohio Department of Rehabilitation and Correction ("ODRC"). For the following reasons, we affirm the trial court judgment.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 27, 2016, appellant filed a complaint in the Court of Claims alleging physical injuries from falling down a flight of stairs at Lorain Correctional Institution on March 13, 2014. The date of filing is marked on the complaint. Appellee filed a motion to dismiss asserting that appellant's complaint exceeded the two-year

statute of limitations governing civil actions against the state as set forth in R.C. 2743.16(A). Appellant filed a response on August 26, 2016.

{¶ 3} On October 14, 2016, the Court of Claims granted appellee's motion to dismiss. In doing so, the Court of Claims noted that dismissal under Civ.R. 12(B)(6), based on a statute of limitations, is proper only when the face of the complaint conclusively shows that the action is time-barred. The Court of Claims found that appellant's complaint conclusively established that appellant's claim was time-barred as the cause of action accrued on March 13, 2014 under Ohio law, and appellant filed his complaint beyond the two-year statute of limitations.

{¶ 4} Appellant filed a timely appeal to this court.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant presents two assignments of error:[1]

> [1.] [R.C.] 2305.15 Savings Clause; time tolled during imprisonment (b) When a person is imprisoned for the commission of any offense, the time the person's imprisonment shall not be computed as any part of any period of limitation, as provided in section 2305.09, 2305.10, 2305.11, 2305.113, or 2305.14 of imprisoned person. 129 v 13; 1953 H 1; GC 11228. note 2 * * * The court did not include the Statue that this objection by the use of the appellate process uses as the Assignment of Error 1: 2305.15 Savings Clause; time tolled during imprisonment.
>
> [2.] [R.C.] 2305.19 * * * In the court ruling Civ Rul 12 (B)(6) failure to state a claim upon which relief can be granted is not supported by the findings of the Court: * * * The ruling is fault as 2305.19 note 1. In general Allegations that an action is barred by the statute of limitations and that the savings statute, R.C. 2305.19 is inapplicable to save the action may not be asserted as grounds in support of a motion to dismiss filed pursuant to Civ R 12 (B)since the bar of the statue of limitations is an affirmative defense and it is not one of the defenses specifically permitted to be raised by civ R 12(B) prior to a responsive pleading. Paul v. world Metals, Inc(Ohio App. 9 Dist.,Summit, 02-28-2001)No. 20130,2001 WL

---

[1] It is unclear from appellant's brief whether he intends only the first sentence after each "Assignment of Error" title to serve as his assignments of error or whether he intended the entire four-page section entitled "Statement of the assignments of error presented for review" as his statement of his assignments of error. For sake of clarity, we have truncated appellant's text to include the essence of his alleged errors.

196513, Unreported. Savings Statue afford plaintiffs opportunity to bring new action after running of limitations period when effort to bring original action in timely manner fails other wise than on its merits. Motorists Mut. Ins. Co. v. Huron rd. Hosp. (Ohio 1995) 73 Ohio St. 3d 391, 653, N.E.2d 235. Civ 12(B)(6) Dismissal for failure to state a claim based on non-compliance with statute of limitations was inappropriate; consideration of limitation statue required court to look beyond averments of the complaint. * * * The court in its remarks and dismissal by the lack of Civ Rul 12 (B)(6) failed to give the cause of why it was an affirmative defense such as expiration of applicable statute of limitations are generally not properly raised in motion to dismiss for failure to state claim unless complaint conclusively shows on its face that action is barred by statute of limitations. * * * The court has not shown by face of complaint or record statue of limitations or that the records do not reflect the complaint has not merit of claim for relief. * * * Violating the statue of 2905.15 and 2905.19[2] with violation of instructions of Civil rule 12(B)(6)note. 2; 3.

(Sic passim.)

## III.  STANDARD OF REVIEW

{¶ 6}   Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim on which relief can be granted.  *Coleman v. Columbus State Community College*, 10th Dist. No. 15AP-119, 2015-Ohio-4685, ¶ 6.  "A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint."  *Rudd v. Ohio State Hwy. Patrol*, 10th Dist. No. 15AP-869, 2016-Ohio-8263, ¶ 11.

{¶ 7}   In reviewing a motion to dismiss, pursuant to Civ.R. 12(B)(6), the court may not rely on allegations or evidence outside the complaint.  *Id.*  In considering the complaint, the court "must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff."  *Coleman* at ¶ 6, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).  However, the court need not accept as true any unsupported and conclusory legal propositions advanced in the complaint.  *Rudd* at ¶ 12,

---

[2] At times. appellant's brief cites to R.C. 2905.15 and 2905.19, which do not exist; we read these to mean R.C. 2305.15 and 2305.19.

citing *Morrow v. Reminger & Reminger Co., LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.). The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief. *Rudd* at ¶11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Where the motion to dismiss is based on the application of a statute of limitations, the motion may be granted when the complaint shows conclusively on its face that the action is time-barred. *Coleman* at ¶ 6; *Leichliter v. Natl. City Bank of Columbus*, 134 Ohio App.3d 26, 32 (10th Dist.1999). *See also Cundall v. U.S. Bank*, 122 Ohio St.3d 188 (2009). An appellate court reviews a trial court's dismissal, pursuant to Civ.R. 12(B)(6), under a de novo standard of review. *State ex rel. Ohio Civ. Serv. Emps. Assn. v. State*, 146 Ohio St.3d 315, 2016-Ohio-478, ¶ 12.

## IV. DISCUSSION

### A. First Assignment of Error

{¶ 8} Under the first assignment of error, appellant contends that the trial court erred in failing to apply R.C. 2305.15(B) to toll time while appellant was imprisoned. We disagree.

{¶ 9} The statute of limitations for claims brought in the Court of Claims is set forth in R.C. 2743.16(A), which provides, in pertinent part: "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." "Under Ohio law, the general rule is that 'a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed.' " *Marok v. Ohio State Univ.*, 10th Dist. No. 13AP-12, 2014-Ohio-1184, ¶ 25, *discretionary appeal not allowed*, 140 Ohio St.3d 1415, 2014-Ohio-3785, quoting *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998).

{¶ 10} R.C. 2305.15(B), "[t]olling of limitation during defendant's absence, concealment or imprisonment," states:

> When a person is imprisoned for the commission of any offense, the time of the person's imprisonment shall not be computed as any part of any period of limitation, as provided in section 2305.09, 2305.10, 2305.11, 2305.113 or 2305.14 of

> the Revised Code, within which any person must bring any action against the imprisoned person.

R.C. 2305.15(B) plainly applies to toll a statute of limitations where the defendant is imprisoned and does not toll the statute of limitations for inmates who wish to sue others. As a result, the trial court did not err in not considering R.C. 2305.15(B) in relation to the statute of limitations in this case.

{¶ 11} Accordingly, appellant's first assignment of error is overruled.

## B. Second Assignment of Error

{¶ 12} Appellant's position under his second assignment of error, which references R.C. 2305.19, the "[s]avings in case of reversal" statute, is unclear. R.C. 2305.19(A) states in pertinent part:

> In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant.

{¶ 13} "The savings statute 'is neither a statute of limitations nor a tolling statute extending the statute of limitations. Instead, it is clear that R.C. 2305.19 has no application unless an action is timely commenced and is then dismissed without prejudice after the applicable statute of limitations has run.' " *Allen v. McBride*, 10th Dist. No. 03AP-432, 2003-Ohio-7158, ¶ 27, *affirmed*, 105 Ohio St.3d 21, 2004-Ohio-7112, quoting *Lewis v. Conner*, 21 Ohio St.3d 1, 4 (1985).

{¶ 14} Appellant's argument in support of his assignment of error appears to assert that R.C. 2305.19 should save his claim after we reverse the trial court's decision due to the trial court's error in not tolling the statute of limitations under R.C. 2305.15(B). Because we determined in the first assignment of error that appellant is not entitled to tolling due to imprisonment under R.C. 2305.15(B), this issue is moot. App.R. 12(A)(1)(c).

{¶ 15} To the extent appellant challenges the trial court's application of the Civ.R. 12(B)(6) standard in regard to R.C. 2305.19, this argument lacks merit. As previously set forth in the standard of review, a motion to dismiss based on the application of a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time-barred. *Coleman* at ¶ 6; *Leichliter* at 32. The trial court stated the appropriate standard of review, looked only to information in the complaint, and concluded that the face of the complaint conclusively established that appellant's complaint is time-barred under Ohio law. After independent review of the matter, we find that the trial court did not err in not considering R.C. 2305.19, as R.C. 2305.19 clearly does not apply to the facts of this case. *Allen* at ¶ 27. Appellant has not otherwise met his burden to affirmatively demonstrate error on appeal. *Watkins v. Holderman*, 10th Dist. No. 11AP-491, 2012-Ohio-1707, ¶ 11; App.R. 16(A).

{¶ 16} Accordingly, appellant's second assignment of error is overruled.

## V. CONCLUSION

{¶ 17} Having overruled appellant's two assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____