[Cite as *Coleman v. Columbus State Community College*, 2015-Ohio-4685.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Belinda J. Coleman,                              :

      Plaintiff-Appellant,              :               No. 15AP-119
                                                                  (Ct. of Cl. No. 2014-00716)
v.                                               :
                                                        (ACCELERATED CALENDAR)
Columbus State Community College,                :

      Defendant-Appellee.               :

---

D E C I S I O N

Rendered on November 12, 2015

---

*Dahman Law, LLC*, and *Samir B. Dahman*; *Campinha Bacote, LLC*, and *Avonte D. Campinha-Bacote*, for appellant.

*Michael DeWine*, Attorney General, *Eric A. Walker* and *Christopher L. Bagi*, for appellee.

---

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Plaintiff-appellant Belinda J. Coleman appeals from a judgment of the Court of Claims of Ohio dismissing her complaint pursuant to Civ.R. 12(B)(6). For the following reasons, we affirm.

## I. Facts and Procedural History

{¶ 2} On August 22, 2014, Coleman filed a complaint in the Court of Claims against defendant-appellee Columbus State Community College ("CSCC") alleging disability discrimination. The complaint included the following allegations. Coleman was employed by CSCC as an associate registrar from July 1, 2009, until her employment was terminated on June 8, 2012. Coleman suffers from fibromyalgia and polymyalgia rheumatica. Coleman alleges CSCC discriminated against her by failing to accommodate her disabilities and retaliating against her by harassing her and terminating her

employment. Based on these allegations, Coleman asserted federal claims, pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101 et seq.; the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601, et seq.; and an Ohio state law disability claim pursuant to R.C. 4112.02. She also asserted claims of negligence and intentional infliction of emotional distress.

{¶ 3} On September 2, 2014, Coleman filed, in the Court of Claims, a statement of the existence of a connected action, indicating she had also sued CSCC in federal court. According to this statement, the lawsuit in federal court was initiated on June 6, 2014. On October 20, 2014, Coleman filed a notice of final disposition of the connected action, attaching a federal district court entry dismissing the action she filed against CSCC pursuant to Federal Rule of Civil Procedure 41(a)(2). The next day, CSCC filed a motion to dismiss in the Court of Claims, pursuant to Civ.R. 12(B)(6), arguing Coleman's claims in this matter are all barred by the applicable statute of limitations. In January 2015, the trial court granted CSCC's motion to dismiss. The trial court found Coleman's claims are all barred by the two-year statute of limitations set forth in R.C. 2743.16(A), and it declined to apply the doctrine of equitable tolling. Consequently, the trial court dismissed Coleman's complaint. Coleman timely appeals.

## II. Assignments of Error

{¶ 4} Coleman assigns the following errors for our review:

> [1.] The Court of Claims erred in dismissing Ms. Coleman's FMLA and ADA claims when it applied the Court of Claims' state statute of limitations to Ms. Coleman's federal law claims, instead of the federal limitations periods.
>
> [2.] The Court of Claims erred in dismissing Ms. Coleman's claim for prospective injunctive relief, which falls outside of the scope of state sovereign immunity protections.
>
> [3.] The Court of Claims erred in dismissing Ms. Coleman's claims when it failed to equitably toll the applicable limitations period.

## III. Discussion

### A. First Assignment of Error – Statute of Limitations

{¶ 5}  In her first assignment of error, Coleman argues the trial court erred in dismissing her federal claims because it applied the Court of Claims Act statute of limitations and not federal statutes of limitations.  We disagree.

{¶ 6}  Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  A Civ.R. 12(B)(6) motion to dismiss tests the sufficiency of a complaint.  *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 245 (1975).  In ruling on a motion to dismiss, pursuant to Civ.R. 12(B)(6), the court must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff.  *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).  The dismissal of a complaint for failure to state a claim is proper when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief.  *Celeste v. Wiseco Piston*, 151 Ohio App.3d 554, 2003-Ohio-703, ¶ 12 (11th Dist.).  A motion to dismiss based on the application of a statute of limitations may be granted when the complaint shows conclusively on its face that the action is time barred.  *See Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376 (1982), paragraph three of the syllabus.  When reviewing a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, this court's standard of review is de novo.  *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 7}  The statute of limitations for claims brought in the Court of Claims is set forth in R.C. 2743.16(A), which provides, in pertinent part: "civil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties."  According to Coleman, her FMLA and ADA claims brought in the Court of Claims are not subject to the two-year filing requirement of R.C. 2743.16(A).  Coleman argues the Supremacy Clause of the United States Constitution (Article VI, Clause 2) mandates that federal law governs when litigants must file those claims, and that a state cannot alter the substantive features of claims established under federal law, including the applicable statutes of limitations.  Coleman also argues that consideration of state sovereign immunity principles does not

change the applicability of federal limitation periods to her federal claims. We are not persuaded by these arguments.

{¶ 8} Coleman's reliance on the Supremacy Clause is unavailing, and she does not properly consider state sovereign immunity principles. The Supremacy Clause provides that "the Laws of the United States * * * shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Constitution, Article VI, cl. 2. Pursuant to the Supremacy Clause, the United States Congress has the power to preempt state laws. *In re Miamisburg Train Derailment Litigation*, 68 Ohio St.3d 255, 259 (1994). But the Supremacy Clause does not confer authority upon Congress to abrogate a state's immunity from suit in its own court without its consent. *Alden v. Maine*, 527 U.S. 706, 732 (1999) ("The Constitution, by delegating to Congress the power to establish the supreme law of the land * * * does not foreclose a State from asserting immunity to claims arising under federal law merely because that law derives not from the State itself but from the national power.").

{¶ 9} State sovereign immunity is "implicit in the constitutional design." *Alden* at 730. "In light of history, practice, precedent, and the structure of the Constitution * * * the States retain immunity from private suit in their own courts, an immunity beyond the congressional power to abrogate by Article I legislation." *Id.* at 754. But Congress may abrogate a state's immunity from suit pursuant to its powers under the Fourteenth Amendment, Section 5. *See Id.* at 756 (noting "that in adopting the Fourteenth Amendment, the people required the States to surrender a portion of the sovereignty that had been preserved to them by the original Constitution, so that Congress may authorize private suits against nonconsenting States pursuant to its § 5 enforcement power"). For example, in *Felder v. Casey*, 487 U.S. 131 (1988), the United States Supreme Court held that Wisconsin's notice-of-claim statute that effectively shortened the statute of limitations and imposed an exhaustion requirement on claims against public agencies and employees was pre-empted insofar as it was applied to 42 U.S.C. 1983 actions. *See Quern v. Jordan*, 440 U.S. 332, 351 (1979), fn. 3 (Brennan, J., concurring) ("There is no question but that § 1983 was enacted by Congress under § 5 of the Fourteenth Amendment."). However, the United States Supreme Court has held that Congress has not validly

abrogated the states' sovereign immunity from self-care claims under FMLA, and claims under Title I of the ADA. *Coleman v. Court of Appeals of Maryland*, 132 S.Ct. 1327, 1332 (2012); *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 374 (2001). Thus, Congress has not abrogated Ohio's sovereign immunity to the type of federal claims brought by Coleman.

{¶ 10} A state may also be subject to suits for damages if it elects to waive its sovereign immunity. *Alden.* Such a waiver may be conditional—a state "may prescribe the terms and conditions on which it consents to be sued." *Beers v. Arkansas*, 61 U.S. 527 (1858). That is, waiver of state sovereign immunity need not be "absolute, unconditional and applicable in all situations." *Alston v. New York*, 97 N.Y.2d 159, 164 (2001), citing *Alden.* However, a state cannot use its waiver of sovereign immunity as a tool to discriminate against federal causes of action. *Alden* at 757-58.

{¶ 11} Ohio has generally consented to being sued, but it has placed conditions on when and where it may be sued. In 1912, the Ohio Constitution was amended to provide: "Suits may be brought against the state, in such courts and in such manner, as may be provided by law." Ohio Constitution, Article I, Section 16. While the Ohio Constitution, Article I, Section 16 provides for a waiver of sovereign immunity, it is not "self-executing." *Palumbo v. Indus. Comm.*, 140 Ohio St. 54 (1942), paragraph two of the syllabus. The operative legislation for the waiver of the state's immunity from liability is the Court of Claims Act, R.C. Chapter 2743, which created the Court of Claims and invested the Court of Claims with exclusive, original jurisdiction over civil actions against the state for money damages. *State ex rel. Sawicki v. Court of Common Pleas of Lucas Cty.*, 121 Ohio St.3d 507, 2009-Ohio-1523, ¶ 28.

{¶ 12} R.C. 2743.02(A)(1) provides that the state "waives its immunity from liability * * * and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter." As set forth above, R.C. 2743.16(A) provides that suit must be brought against the state no later than two years after the date of accrual of the cause of action. The limitation is less than two years if there is a shorter period that is applicable to similar suits between private parties. R.C. 2743.16(A).

{¶ 13} Coleman asserts Ohio courts have consistently applied federal limitations periods to federal causes of action brought in the Court of Claims. This assertion holds true in circumstances involving a federal limitations period that is less than two years. *See, e.g.*, *Stevens v. Ohio Dept. of Mental Health*, 10th Dist. No. 12AP-1015, 2013-Ohio-3014 (applying 90-day limitations period in 29 U.S.C. 626(e) to the plaintiff's federal ADA claim against the state). However, Coleman does not cite, and our independent research fails to reveal, any Ohio case applying a federal statute of limitations greater than two years to a claim brought in the Court of Claims. To the contrary, in view of the express language of R.C. 2743.16(A), this court has consistently found that litigants cannot pursue claims against the state more than two years after the claim accrued. *See Cargile v. Dept. of Adm. Servs.*, 10th Dist. No. 11AP-743, 2012-Ohio-2470, ¶ 12.[1]
Because federal law does not preempt or abrogate R.C. 2743.16(A) 's two-year filing requirement as to Coleman's FMLA and ADA claims, the trial court properly concluded Coleman's federal claims were untimely. Accordingly, we overrule Coleman's first assignment of error.

### B.  Second Assignment of Error – Request for Prospective Injunctive Relief

{¶ 14} In her second assignment of error, Coleman argues the trial court erred in dismissing her claims for injunctive relief because those claims are excluded from state sovereign immunity protection and thus the federal statutes of limitations applied to those claims. This argument was not advanced in the trial court. Arguments raised for the first time on appeal are improper and generally not considered. *Tucker v. Leadership Academy for Math & Science of Columbus*, 10th Dist. No. 14AP-100, 2014-Ohio-3307, ¶ 20, citing *Marysville Newspapers, Inc. v. Delaware Gazette Co., Inc.*, 3d Dist. No. 14-06-34, 2007-Ohio-4365, ¶ 23. Therefore, we decline to consider this argument. Accordingly, Coleman's second assignment of error is overruled.

### C.  Third Assignment of Error – Equitable Tolling

---

[1] The Supreme Court of Ohio has determined there is an exception, for a particular type of state law claim, to R.C. 2743.16(A) 's two-year limit. In *Watkins v. Dept. of Youth Servs.*, Slip Opinion No. 2015-Ohio-1776, ¶ 1, the court held that the 12-year statute of limitations set forth in R.C. 2305.111(C), and not the two-year statute of limitations set forth in R.C. 2743.16(A), applies to actions against the state brought by victims of childhood sexual abuse. Other than *Watkins*, which involved state law claims, we find no case applying a statute of limitations greater than two years in a case initiated in the Court of Claims.

{¶ 15} In her third assignment of error, Coleman asserts the trial court erred when it did not equitably toll the limitations period applicable to her claims. Coleman argues her case is exceptional and warrants equitable tolling. We disagree.

{¶ 16} The doctrine of equitable tolling is to be applied sparingly and in only exceptional circumstances. *Stevens* at ¶ 19, citing *Moore v. Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-732, 2011-Ohio-1607, ¶ 21. "Equitable tolling is available only in compelling cases which justify a departure from established procedure." *Sharp v. Ohio Civ. Rights Comm.*, 7th Dist. No. 04 MA 116, 2005-Ohio-1119, ¶ 11. A litigant seeking equitable tolling must demonstrate he diligently pursued his rights, but some extraordinary circumstance stood in his way and prevented timely action. *In re Regency Village Certificate of Need Application*, 10th Dist. No. 11AP-41, 2011-Ohio-5059, ¶ 37. The doctrine is generally limited to circumstances in which an employee is intentionally misled or tricked into missing the filing deadline. *Stevens*, citing *Moore*; *see Aronhalt v. Castle*, 10th Dist. No. 12AP-196, 2012-Ohio-5666, ¶ 32 (noting that equitable tolling generally requires fraud); *see also State ex rel. Scherfling v. State Emp. Relations Bd.*, 152 Ohio App.3d 484, 2003-Ohio-1936, ¶ 16 (10th Dist.) (noting that ignorance of legal rights generally does not toll a statute of limitations).

{¶ 17} Here, the trial court properly declined to apply the doctrine of equitable tolling to extend the applicable statute of limitations. The circumstances of this case are similar to those in *Stevens*. In *Stevens*, plaintiff Robert Stevens initially filed, prior to the expiration of the applicable statute of limitations, his discrimination claims in federal court after receiving a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). *Id.* at ¶ 4. He later voluntarily dismissed the claims in federal court upon learning he could not sue the state for monetary damages in that court. *Id.* at ¶ 20. After the expiration of the applicable statute of limitations, Stevens filed a complaint in the Court of Claims of Ohio. *Id.* at ¶ 5. Stevens argued for equitable tolling because the EEOC's letter allegedly misled him into believing he could bring his claims in federal court. *Id.* at ¶ 20. He also argued the court should apply the equitable tolling doctrine because the defendant would suffer no prejudice. *Id.* at ¶ 21. This court rejected these arguments, finding that Stevens failed to demonstrate an exceptional circumstance warranting equitable tolling. *Id.*

{¶ 18} Coleman argues the circumstances are exceptional in this case because she received her right-to-sue letter 20 months after she filed her charges with EEOC. She asserts her complaint was ready to file months in advance but that she was required to exhaust her administrative remedies before filing her ADA claim. These arguments are unpersuasive. While Coleman asserts she had to wait for the right-to-sue letter before filing her ADA claim, and thus equity warrants extension of her time to file, she actually filed her complaint in federal court within two years of her employment termination. That Coleman filed her claims in federal court within two years of her employment termination weighs heavily against any finding of exceptional circumstances warranting the equitable tolling of the applicable statute of limitations. Had Coleman filed in the Court of Claims at that time, the statute of limitations would not bar the action. Furthermore, Coleman does not suggest that CSCC misled or tricked her into first filing her claims in federal court. Coleman's initial misunderstanding, through no fault of CSCC, of where her claims for money damages against the state could be brought, does not warrant application of the equitable tolling doctrine.

{¶ 19} Accordingly, we overrule Coleman's third assignment of error.

## IV. Disposition

{¶ 20} Having overruled Coleman's first, second, and third assignments of error, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.