[Cite as *Smith v. Ohio Dept. of Rehab. & Corr.*, 2023-Ohio-1007.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Jacques E. Smith, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 22AP-604 |
| v. | : | (Ct. of Cl. No. 2022-00452JD) |
| [Ohio Department of Rehabilitation and Correction et al.,] | : | (ACCELERATED CALENDAR) |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

D E C I S I O N

Rendered on March 28, 2023

**On brief:** *Jacques E. Smith*, pro se.  **Argued:** *Jacques E. Smith.*

**On brief:** *Dave Yost*, Attorney General, *Lauren D. Emery*, and *Chelsey M. Capezzuti*, for Ohio Department of Rehabilitation and Correction. **Argued:** *Lauren D. Emery.*

APPEAL from the Court of Claims of Ohio

PER CURIAM.

{¶ 1}   Plaintiff-appellant, Jacques E. Smith, acting pro se, appeals from a judgment of the Court of Claims of Ohio dismissing his amended complaint against defendants-appellees Ohio Department of Rehabilitation and Correction ("ODRC"), and the Offices of Governor Mike DeWine and Attorney General Dave Yost.  For the following reasons, we affirm.

## I.  Facts and Procedural History

{¶ 2}   On June 2, 2022, appellant filed a pro se complaint against "State of Ohio Et, Al.[,] Dept[.] of Rehabilitation and Corrections[,] Hon. Judge Richard P. Ferenc[,] Nick

Horton Adult Probation Dept. Clermont County[,] Unknown Clerk of court or Judge Ferenc's Clerk." (Sic passim.) (Compl. at 1.)   On June 3, 2022, the day after the complaint was filed, the Court of Claims sua sponte struck the State of Ohio from the caption as surplusage and dismissed Judge Ferenc, Nick Horton, and the "unknown" clerk as parties to the action pursuant to R.C. 2743.02(E). (Order of the Magistrate.)

**{¶ 3}**   Thereafter, on June 27, 2022, appellant, again pro se, filed an amended complaint against appellees.  Appellant's amended complaint is difficult to comprehend. What can be gleaned from the amended complaint and the documents attached is that in 1996, appellant was convicted of third-and-fourth degree felonies in the Clermont County Court of Common Pleas and was sentenced to a term of imprisonment at ODRC.  In 2022, 26 years after he was released from prison, appellant filed an application for expungement of his criminal convictions.  The matter was heard by Clermont County Court of Common Pleas Judge Richard Ferenc on January 14, 2022.  At that hearing, appellant argued he was entitled to an expungement, stating, "26 years since it happened; nothing before it and nothing after it. I just want to prove to society that I'm not a criminal.  This was a 'he said, she said,' case when I ran for Congress.  So I waited 26 years to prove that I'm not a criminal before I filed for it."  (Am. Compl., Ex. C3.)  Judge Ferenc responded, "**you are eligible** [for the expungement] under the R.C. 2953.31(A)(1)(b) section. There are no * * * criminal cases pending.  But I'm required to look at several factors, and **one of the factors is rehabilitation to the satisfaction of the Court**. And in my mind, **remorse - - responsibility is a key factor in rehabilitation**.  And * * * **you simply indicated this didn't happen**, that you were not guilty of these charges.  There were other statements that you made that reflect you took really no responsibility for it.  You blamed the Milford Police. But more importantly, the Probation Department contacted you on January 7th of this year.  * * * And she reported that you stated that you were innocent, but the case became political to get this judge reelected.  And I don't believe that you think you've done anything wrong.  **You've shown no remorse**. * * * **I don't believe you've really shown any remorse.  So I'm going to deny your application**."  (Emphasis sic.) (Am. Compl., Ex. C3.)

**{¶ 4}**   Following the hearing, Judge Ferenc issued a judgment entry denying appellant's application for expungement. Therein, Judge Ferenc found appellant had not

been rehabilitated to the satisfaction of the court and had shown no genuine remorse for the crimes he committed.[1]

**{¶ 5}** Appellant also attached to his amended complaint a copy of his February 24, 2022 letter to ODRC notifying it of his intention to file a lawsuit "for not rehabilitating" him. (Am. Compl., Ex. A.) Appellant averred in the letter, "[a]s per the Clermont County Court Judge Richard P. Ferenc in the expungement of [appellant's] records, [appellant] stating that after 26 years nothing before and nothing after, Judge Richard P. Ferenc stated that the state department did not rehabilitate him, therefore [appellant's] request is denied." (Am. Compl., Ex. A.)

**{¶ 6}** It is readily apparent that underlying appellant's amended complaint is his belief that Judge Ferenc wrongly denied his application for expungement of his criminal convictions. To that end, appellant cited statements made by Judge Ferenc at the expungement hearing regarding appellant's failure to accept responsibility for his criminal actions and how that failure demonstrated to Judge Ferenc that appellant had not been rehabilitated to the satisfaction of the court. Based on these statements, appellant asserted a claim against ODRC for failure to rehabilitate him in violation of 42 U.S.C. 1983 and 1985, the 5th Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution. Indeed, under the "Statement of Claim" section of his amended complaint, appellant averred, "[ODRC], according to Honorable Judge Ferenc, failed to rehabilitate [appellant]." (Am. Compl. at 3-4.) Appellant repeated this claim under the "Argument" section of his amended complaint: "[a]ccording to the Honorable Judge Ferenc, [appellant] was not rehabilitated by [ODRC]." Appellant again asserted this claim in the "Summary" portion of his amended complaint: "[ODRC] failed to rehabilitate [appellant]." (Am. Compl. at 4.)

**{¶ 7}** Appellant's amended complaint also asserted what could be construed as a fraud claim against Judge Ferenc and the offices of Governor DeWine and Attorney General Yost based on the denial of his application for expungement. Under the "Memorandum in

---

[1] The unauthenticated typewritten documents attached to appellant's amended complaint as exhibits B and C1-C4 purport to be the transcript of the January 14, 2022 hearing and the related judgment entry denying the expungement. The bolded portions of the purported transcript appear in this decision as they do in the typewritten document. The cited documents do not contain any certification from the Clermont County Court of Common Pleas; accordingly, we are unable to verify the excerpts.

Support" section of his amended complaint, appellant, referencing the February 24, 2022 letter he sent to ODRC, stated "[n]either Governor Mike DeWine nor Attorney General David Yost made any effort to resolve the situation. Instead, they chose to perpetuate the fraud of Honorable Judge Richard P. Ferenc." (Am. Compl. at 2-3.) Appellant reiterated this claim in the "Summary" portion of his amended complaint: "Governor Mike DeWine and Attorney General David Yost are guilty of perpetuating the fraud of the Honorable Judge Ferenc by completely ignoring the actions of Honorable Judge Ferenc." (Am. Compl. at 4.)

{¶ 8} On July 1, 2022, appellees filed a motion to dismiss, pursuant to Civ.R. 12(B)(1) and (6), arguing the claims asserted by appellant were either: (1) outside the subject-matter jurisdiction of the Court of Claims, or (2) barred by the relevant statute of limitations. Appellant responded to the motion to dismiss on July 11, 2022. On July 18, 2022, appellees filed a reply in support of their motion to dismiss. Without obtaining leave of court, appellant, on July 28, 2022, filed a response to appellees July 18, 2022 filing.

{¶ 9} On September 21, 2022, the Court of Claims granted appellees' motion to dismiss. Specifically, the court determined it lacked jurisdiction to consider appellant's state and federal constitutional claims as well as his claims under 42 U.S.C. 1983 and 1985. The court also concluded it lacked jurisdiction to consider appellant's claims premised on the actions or conduct of Judge Ferenc. In addition, the court, citing appellant's assertion in the amended complaint that he had not been incarcerated for 26 years, found appellant's claim against ODRC for failure to rehabilitate him was barred by the two-year statute of limitations set forth in R.C. 2743.16(A).

## II. Assignment of Error

{¶ 10} Appellant appeals and assigns the following sole assignment of error for our review:

> The Ohio Court of Claims confused Plaintiff Jacques E. Smith's purpose for filing against the Ohio Department of Rehabilitations & Corrections in that Plaintiff Jacques E. Smith was not filing against his original Clermont County conviction in case 1996-CR-5331 from 1996, but was filing against the Ohio Department of Rehabilitations & Corrections because the Hon. Judge Richard P. Ferenc of the Clermont County Court of Common Pleas stated in open court that the Ohio Department of Rehabilitations & Corrections did not rehabilitate Plaintiff

> Jacques E. Smith and that he wasn't remorseful for the actions he was convicted of.

(Sic passim.)

**{¶ 11}** As noted above, appellees filed their motion to dismiss pursuant to Civ.R. 12(B)(1) and (6). In ruling on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction, the trial court determines whether the claim raises any action cognizable in that court. *Robinson v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-550, 2011-Ohio-713, ¶ 5. Subject-matter jurisdiction involves a " 'court's power to hear and decide a case on the merits and does not relate to the rights of the parties.' " *Id.*, quoting *Vedder v. Warrensville Hts.*, 8th Dist. No. 81005, 2002-Ohio-5567, ¶ 14. This court reviews de novo a trial court's ruling on a Civ.R. 12(B)(1) motion to dismiss. *Id.*, citing *Hudson v. Petrosurance, Inc.*, 10th Dist. No. 08AP-1030, 2009-Ohio-4307, ¶ 12.

**{¶ 12}** "Under Civ.R. 12(B)(6), a defendant may move to dismiss a complaint for failure to state a claim upon which relief can be granted." *Coleman v. Columbus State Community College*, 10th Dist. No. 15AP-119, 2015-Ohio-4685, ¶ 6. "A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *Rudd v. Ohio State Hwy. Patrol*, 10th Dist. No. 2016-Ohio-8263, ¶ 11, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 546 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). In reviewing a Civ.R. 12(B)(6) motion to dismiss, the court may not rely on allegations or evidence outside the complaint. *Id.*, citing *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). The court "must construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff." *Coleman* at ¶ 6, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). However, the court need not accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Rudd* at ¶ 12, citing *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.). The dismissal of a complaint under Civ.R. 12(B)(6) for failure to state a claim is proper when it appears, beyond doubt, the plaintiff can prove no set of facts entitling him to relief. *Id.* at ¶ 11, citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus. Where the motion to

dismiss is based on the application of a statute of limitations, the motion may be granted when the complaint shows conclusively on its face the action is time-barred. *Coleman* at ¶ 6. An appellate court reviews a trial court's dismissal pursuant to Civ.R. 12(B)(6) under a de novo standard of review. *Id.*, citing *Foreman v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

### III. Analysis

{¶ 13} In his sole assignment of error, appellant contends the Court of Claims "confused" his purpose for filing a complaint against ODRC in that he "was not filing against his original Clermont County conviction in case 1996-CR-5331 from 1996, but was filing against [ODRC] because * * * Judge Richard P. Ferenc * * * stated in open court that [ODRC] did not rehabilitate [appellant] and that he wasn't remorseful for the actions he was convicted of." (Appellant's Brief at 5.)

{¶ 14} Appellant appears to contend the Court of Claims erroneously dismissed his failure to rehabilitate claim pursuant to Civ.R. 12(B)(6) as being time-barred under the two-year statute of limitations set forth in R.C. 2943.16(A). As noted above, the Court of Claims, citing appellant's averment in the amended complaint that he had not been incarcerated for the last 26 years, found appellant's claim against ODRC for failure to rehabilitate him was barred by the two-year statute of limitations set forth in R.C. 2743.16(A). As we understand appellant's argument, he proposes that his failure to rehabilitate claim did not accrue until January 2022 when Judge Ferenc opined at the expungement hearing that appellant had not been rehabilitated to the satisfaction of the court.

{¶ 15} The applicable statute of limitations for claims brought in the Court of Claims is set forth in R.C. 2743.16(A), which provides in pertinent part: "[C]ivil actions against the state permitted by sections 2743.01 to 2743.20 of the Revised Code shall be commenced no later than two years after the date of accrual of the cause of action or within any shorter period that is applicable to similar suits between private parties." In Ohio, the general rule is that " 'a cause of action accrues and the statute of limitations begins to run at the time the wrongful act was committed.' " *McDougald v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 20AP-218, 2020-Ohio-6697, ¶ 11, quoting *Marok v. Ohio State Univ.*, 10th Dist. No. 13AP-12, 2014-Ohio-1184, ¶ 25, citing *Collins v. Sotka*, 81 Ohio St.3d 506, 507 (1998). The "discovery rule" provides an exception to this general rule. *Id.* "The 'discovery rule'

generally provides 'that a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury.' " *Id.*, quoting *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 179 (1989). To the extent appellant's argument implicates the discovery rule, i.e., that he did not discover ODRC had not rehabilitated him until Judge Ferenc found to that effect in January 2022, we need not address it. Appellant cites no legal authority from Ohio or any other jurisdiction establishing a cause of action against a department of rehabilitation and correction for failure to rehabilitate an incarcerated offender, let alone any legal authority applying the discovery rule to such a claim. Accordingly, we discern no error in the Court of Claims' Civ.R. 12(B)(6) dismissal of appellant's failure to rehabilitate claim on statute of limitations grounds.

{¶ 16} Moreover, and more importantly, the Court of Claims properly concluded it lacked subject-matter jurisdiction over the claim, as appellant asserted in his amended complaint that ODRC's failure to rehabilitate him violated his rights under the United States and Ohio Constitutions and 42 U.S.C. 1983 and 1985. Appellant repeats this claim in his appellate briefing: "The Ohio Department of Rehabilitation and Correction * * * in failing to rehabilitate [appellant], denied his rights to **42 U.S.C. [Section] 1983** for alleged violation of his Constitutional rights during and after a state court, the **Fifth Amendment to the U.S. Constitution, Article I [Section] 10 of the Ohio Constitution**, and 42 U.S. Code [Section] 1985- Conspiracy to interfere with civil rights, **Persons of Rights or Privileges**." (Emphasis sic.) (Appellant's Brief at 6.)

{¶ 17} It is well-settled " 'the Ohio Court of Claims is without jurisdiction to consider claims for relief premised upon alleged violations of either the Ohio or the United States Constitutions.' " *Foreman*, at ¶ 11, quoting *Peters v. Ohio Dept. of Natural Resources*, 10th Dist. No. 03AP-350, 2003-Ohio-5895, ¶ 13. "Constitutional claims are not actionable in the Court of Claims because a plaintiff is limited to causes of action that could be brought between private parties." *Id.*, citing *Bleicher v. Univ. of Cincinnati College of Med.*, 78 Ohio App.3d 302, 306-07 (10th Dist.1992). Further, because the state is not a "person" within the meaning of 42 U.S.C. 1983 and 1985, actions under those sections may not be maintained in the Court of Claims against the state. *Graham v. Ohio Bd. of Bar Examiners*,

98 Ohio App.3d 620, 623 (10th Dist.1994), citing *Burkey v. S. Ohio Correctional Facility*, 38 Ohio App.3d 170, 171 (1988).[2]

{¶ 18} Finally, to the extent appellant raised fraud as a cause of action in his amended complaint, we reiterate that such claim was alleged against Judge Ferenc and the offices of the Governor and Attorney General based on the denial of his application for expungement. "The elements of a fraud claim are: (1) a representation (or concealment of a fact where there is a duty to disclose); (2) that is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with intent to mislead another into relying upon it; (5) justifiable reliance; and (6) resulting injury proximately caused by the reliance." *Dunlop v. Ohio Dept. of Job & Family Servs.*, 10th Dist. No. 11AP-929, 2012-Ohio-1378, ¶ 19.

{¶ 19} As to the claim of fraud against Judge Ferenc, the Court of Claims properly concluded it lacked jurisdiction over his actions. The Court of Claims has "exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity." R.C. 2743.03(A)(1). " 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state." R.C. 2743.01(A). A "common pleas court is not within the definition of 'state' under the language of R.C. 2743.01." *Dalton v. Bur. of Criminal Identification & Investigation*, 39 Ohio App.3d 123, 125 (10th Dist.1987).

{¶ 20} As to the offices of the Governor and Attorney General, appellant's amended complaint stated only a legal conclusion framed as an allegation that these elected state officers committed fraud. As previously mentioned, appellant asserted only that the offices of the Governor and Attorney General perpetuated the fraud committed by Judge Ferenc. However, the amended complaint is devoid of factual allegations supporting that claim. Appellant did not reference the elements of a fraud claim let alone assert facts related to any of those elements. In ruling on a Civ.R. 12(B)(6) dismissal for failure to state a claim

---

[2] We note for the record appellant's assertion at oral argument that ODRC was "not guilty" of anything; he "brought in ODRC" because it was his "best witness" to support his argument that Judge Ferenc erroneously denied his application for expungement. Appellant averred his lack of criminal activity in the 26 years following his release from prison "proves [ODRC] rehabilitated me."

upon which relief may be granted, the court need not accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Rudd*, at ¶ 12, citing *Morrow* at ¶ 7; *Kanu v. Univ. of Cincinnati*, 10th Dist. No. 18AP-517, 2018-Ohio-4969, ¶ 10 ("the court need not accept as true any unsupported and conclusory legal propositions advanced in the complaint").

## IV. Conclusion

{¶ 21} For the foregoing reasons, we find none of the claims raised in appellant's amended complaint are actionable in the Court of Claims. As such, the Court of Claims properly dismissed appellant's amended complaint pursuant to Civ.R. 12(B)(1) and (6).

{¶ 22} Appellant's sole assignment of error is overruled. Accordingly, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

DORRIAN, BOGGS, and LELAND, JJ., concur.

_____