[Cite as *Bridges v. Ohio Adult Parole Auth.*, 2024-Ohio-2548.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Joel Bridges, | : | |
| Relator, | : | |
| v. | : | No. 23AP-443 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

---

D E C I S I O N

Rendered on July 2, 2024

---

**On brief:** *Joel Bridges*, pro se.

**On brief:** *Dave Yost*, Attorney General, *Adam J. Beckler*, and *John H. Bates*, for respondent.

---

IN MANDAMUS

JAMISON, J.

{¶ 1} Relator, Joel Bridges, seeks a writ of mandamus ordering respondent, Ohio Adult Parole Authority ("parole board"), to release the audio recording of his post-release control violation hearing and all evidence used at this hearing. Respondent filed a motion to dismiss relator's complaint for a writ of mandamus.

{¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 13(M) of the Tenth District Court of Appeals.

{¶ 3} "A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint." *State ex rel. Semenchuk v. Ohio Adult Parole Auth.*, 10th Dist. No. 19AP-361, 2019-Ohio-4641, ¶ 11, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). "In ruling on a motion to dismiss, pursuant to Civ.R. 12(B)(6), the court must

construe the complaint in the light most favorable to the plaintiff, presume all factual allegations in the complaint are true, and make all reasonable inferences in favor of the plaintiff." *Id*., citing *Mitchell v. Lawson Milk Co*., 40 Ohio St.3d 190, 192 (1988).

{¶ 4}   "In reviewing a Civ.R. 12(B)(6) motion to dismiss, the court may not rely on allegations or evidence outside the complaint." *Smith v. Ohio Dept. of Rehab. & Corr*., 10th Dist. No. 22AP-604, 2023-Ohio-1007, ¶ 12.   "A trial court properly dismisses a complaint for failure to state a claim when it appears, beyond doubt, that the plaintiff can prove no set of facts entitling him to relief." *Semenchuk* at ¶ 12, citing *Coleman v. Columbus State Community College*, 10th Dist. No. 15AP-119, 2015-Ohio-4685, ¶ 6.   An appellate court reviews a decision on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted under a de novo standard of review. *Foreman v. Ohio Dept. of Rehab. & Corr*., 10th Dist. No. 14AP-15, 2014-Ohio-2793, ¶ 9.

{¶ 5}   The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court grant respondent, parole board's, motion to dismiss relator's petition.   Relator has not filed objections to the decision.

{¶ 6}   Finding no error of law or other defect on the face of the magistrate's decision, this court adopts the magistrate's decision as our own, including the findings of fact and conclusions of law.   Respondent's motion to dismiss is hereby granted, and we dismiss relator's petition for a writ of mandamus.

*Motion to dismiss granted*;
*writ of mandamus dismissed.*

MENTEL, P.J., and LUPER SCHUSTER, J., concur.

_____

APPENDIX

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Joel Bridges, | : | |
| Relator, | : | |
| v. | : | No.  23AP-443 |
| Ohio Adult Parole Authority, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on March 13, 2024

*Joel Bridges*, pro se.

*Dave Yost*, Attorney General, and *Adam J. Beckler*, for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 7} Relator, Joel Bridges, commenced this original action seeking a writ of mandamus ordering Adult Parole Authority ("APA") to produce certain records pertaining to his post-release control violation hearing.

Findings of Fact:

{¶ 8} 1. Relator is an inmate at Lorain Correctional Institution.

{¶ 9} 2. APA is a governmental agency responsible for, among other things, the release of criminal offenders from prison.

{¶ 10} 3. On July 21, 2023, relator filed a petition for writ of mandamus.

{¶ 11} 4. On September 12, 2023, relator filed motion for leave to file an amended petition for writ of mandamus, which this court granted on November 1, 2023. In the amended petition, relator prays that this court order APA:

> [T]o deliver requested body cam footage and audio recordings from APA personnel at Lorain Correctional Institution, written reports, disciplinary reports and evidence used against Mr. Bridges from APA Officer Baxter and APA Officer Murphy in Stark County, including any and all documents dealing with Joel Bridges in January 2021 through April 2021 and body cam footage, audio recordings and written correspondence for Joel Bridges from January 1, 2023 through July 1, 2023 from APA Employees at LorCI, especially any video and audio footage related to being served Parole Violation paperwork by APA employee Gonzales and the Parole Violation Hearing on January 25, 2023.

{¶ 12} 5. Relator alleges in the amended petition that although he is seeking the audio recording of his post-release control violation hearing and all evidence used at this hearing, he is aware that R.C. 149.43(A)(1)(b) exempts these records from disclosure, and that is why he never made an official public-records request pursuant to R.C. 149.43.

{¶ 13} 6. On November 15, 2023, APA filed a motion to dismiss relator's petition pursuant to Civ.R. 12(B)(6). Relator has not filed any response.

Discussion and Conclusions of Law:

{¶ 14} In order for this court to issue a writ of mandamus, a relator must ordinarily show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). However, relators in public-records mandamus cases need not establish the lack of an adequate remedy in the ordinary course of law. *State ex rel. ACLU of Ohio v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, ¶ 24, citing *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, ¶ 41.

{¶ 15} A motion to dismiss pursuant to Civ.R. 12(B)(6) is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). A trial court may not rely on allegations or evidence outside the complaint when reviewing a Civ.R. 12(B)(6) motion. *State ex rel. Fuqua v.*

*Alexander*, 79 Ohio St.3d 206, 207 (1997). In addition, the trial court must presume all factual allegations contained in the complaint are true and must make all reasonable inferences in favor of the nonmoving party. *Jones v. Greyhound Lines, Inc.*, 10th Dist. No. 11AP-518, 2012-Ohio-4409, ¶ 31, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988). "[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145 (1991). The court need not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Lane v. U.S. Bank N.A.*, 10th Dist. No. 22AP-358, 2023-Ohio-1552, ¶ 23, citing *Morrow v. Reminger & Reminger Co. L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.).

{¶ 16} A "public record" is a record "kept by any public office." R.C. 149.43(A)(1). R.C. 149.43(B)(1) provides that the public office must "promptly prepare" all records responsive to a public-records request within a "reasonable period of time." R.C. 149.43(A)(1)(b) provides the following:

> (A) As used in this section:
>
> (1) "Public record" means records kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, and records pertaining to the delivery of educational services by an alternative school in this state kept by the nonprofit or for-profit entity operating the alternative school pursuant to section 3313.533 of the Revised Code. "Public record" does not mean any of the following:
>
> * * *
>
> (b) Records pertaining to probation and parole proceedings, to proceedings related to the imposition of community control sanctions and post-release control sanctions, or to proceedings related to determinations under section 2967.271 of the Revised Code regarding the release or maintained incarceration of an offender to whom that section applies[.]

{¶ 17} When a public office withholds responsive records, it has the burden of showing that the records are statutorily exempt from disclosure. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, paragraph two of the syllabus. Denial of a public-records request is appropriate if the public record is fully

exempt from mandatory disclosure, but if a public record is fully exempt from mandatory disclosure, the public-records custodian must provide the requester with an explanation, including legal authority, setting forth why the request was denied. R.C. 149.43(B)(3). Exceptions to disclosure are strictly construed against the public office withholding the records. *Id.*

{¶ 18} A party who believes that a request for a public record has been improperly denied may file a mandamus action in order to compel production of the record. R.C. 149.43(C)(1)(b). *See State ex rel. Physicians Commt. for Responsible Medicine v. Bd. of Trustees of Ohio State Univ.*, 108 Ohio St.3d 288, 2006-Ohio-903, ¶ 6. The requester must establish by clear and convincing evidence a clear legal right to the records and a corresponding clear legal duty on the part of the respondent to provide them. *See State ex rel. Cincinnati Enquirer v. Sage*, 142 Ohio St.3d 392, 2015-Ohio-974, ¶ 10.

{¶ 19} In the present case, relator alleges in his amended petition that although he is seeking the audio recording of his post-release control violation hearing and all evidence used at the hearing, he is aware that R.C. 149.43(A)(1)(b) exempts these records from disclosure, and that is why he never made an official public-records request pursuant to R.C. 149.43. Presuming all factual allegations contained in the complaint are true and making all reasonable inferences in favor of relator, the magistrate concludes that R.C. 149.43(A)(1)(b) exempts from release the records relator seeks in his amended petition. Pursuant to R.C. 149.43(A)(1)(b), records pertaining to probation and parole proceedings and to proceedings related to the imposition of community control sanctions and post-release control sanctions are exempt from disclosure. Furthermore, relator acknowledges in his petition that he never made a public-records request pursuant to R.C. 149.43 pertaining to these records because he was aware they were excluded from release. For these reasons, relator's petition fails to state a claim upon which relief may be granted.

{¶ 20} Accordingly, it is the magistrate's recommendation that the court grant APA's motion to dismiss relator's petition.

/S/ MAGISTRATE
THOMAS W. SCHOLL III

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b). A party may file written objections to the magistrate's decision within fourteen days of the filing of the decision.